[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court Judicial District of New London. Docket No. 180006.
Peter Scillieri, Esq., Assistant Public Defender, for the Petitioner CT Page 8416 Lawrence Tytla, Esq., Assistant State's Attorney, for the State
SENTENCE AFFIRMED
BY THE DIVISION
After a trial by jury, petitioner was convicted of two counts of kidnapping in the first degree, two counts of threatening, nine counts of sexual assault in the first degree, two counts of sexual assault in the fourth degree, one count of criminal attempt to commit sexual assault in the first degree and one count of interfering with a search. The sentence of the court was as follows:
Counts 1 and 2 — Kidnapping first degree (2 counts) — 10 years on each consecutive to each other;
Counts 3 and 4 — Threatening (2 counts) — 1 year on each, consecutive to each other and consecutive to counts 1 and 2;
Counts 5, 6 and 10 — Sexual assault in the first degree 15 years on each count, execution suspended after 8 years, 5 years probation with special conditions, concurrent with each other and consecutive to counts 1-4.
Counts 7, 11 and 12 — Sexual assault in the first degree 5 years on each count, execution suspended after 8 years, 5 years probation with special conditions, concurrent with each other and consecutive to counts 1 through 4 and counts 5, 6 and 10.
Counts 8 and 9 — Sexual assault in the fourth degree — 1 year each count, concurrent to counts 5, 6 and 10 and counts 7, 11 and 12, consecutive to counts 1-4.
Count 13 — Sexual assault in the first degree — 15 years, execution suspended after 8 years, 5 years probation with special conditions, consecutive to counts 1-4 and counts 5, 6 and 10 and counts 7, 11 and 12 and counts 8 and 9.
Counts 14, 15 and 16 — Sexual assault in the first degree 15 years on each count execution suspended after 8 years, 5 years probation with special conditions, concurrent with each other, consecutive to counts 1-4 and counts 5, 6 and 10 and counts 7, 11 and 12 and counts 8 and 9 and count 13.
Count 17 — Interference with a search — 1 year concurrent with all other sentences imposed. CT Page 8417
The total effective sentence was 82 years suspended after 54, 5 years probation with special conditions.
The charges stemmed from an incident in April of 1989 which took place in the early morning hours in Waterford when the petitioner offered a ride to two females, age 16 and 17. The petitioner drove them to a remote area, held them at knifepoint, threatened to kill them and made them tie each other's hands with their bras. What followed was a series of brutal sexual attacks and acts which took place over a protracted period of time. At one point he forced one of the victims into his trunk naked. He then told the other victim that if she wished to live she would have to kill the victim in the trunk. The victim pleaded with the petitioner and the victim in the trunk was removed from the trunk. Eventually the attacks ended and he drove both of the victims to another area and let them go, promising to kill them if they reported the incident. He also said if arrested he would be out in two or three years and that he would kill them then. The victims were emotionally devastated and traumatized by the events but were able to testify during the trial.
The petitioner argues that the sentence is inappropriate in that the victims were not physically scarred as a result of the offenses although the punishment is comparable to a homicide conviction. It was also noted that although the petitioner has a criminal record, the offenses committed here were an aberration when viewed in light of his prior convictions.
The state's attorney pointed out that the petitioner had a record which included fourteen prior felonies and that the incident in the instant case resulted in a seventeen count conviction. Also, he pointed out the trial judge remarked that the evidence developed during the trial was "overwhelming". While the victims may not have been physically maimed, the state's attorney said that the physical fear was "palpable" at the trial and that one of the victims had become suicidal. The state further emphasized the brutality of the attacks and argued that the total effective sentence was fair considering all the circumstances.
The trial judge was careful to explain the reasons for the sentence meted out. He discussed the rehabilitative aspects of the case and noted petitioner's past involvement in the corrections system. The court also addressed the sentence vis-a-vis the state's recommendation and the court's own range of sentence it intended to impose, noting that the sentencing remarks by defense counsel had resulted in a downward adjustment. Finally, the court said that the petitioner was "a real danger to the community." CT Page 8418
Upon review, we note that the petitioner was convicted of seventeen counts in a case involving a shocking and lengthy abduction and sexual assault on two victims. His criminal record, the underlying facts and the need to protect the community from the threat he represents leads this division to conclude the sentence imposed was fair, just and reasonable under all of the attendant circumstances.
The sentence is affirmed.
STANLEY, J. PURTILL, J. NORKO, J.
Purtill, J., Norko, J. and Stanley, J. participated in this decision.